**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN DRAYTON,

         Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

         Defendant-Appellee.

No. 18-16846

D.C. No. 2:16-cv-03056-DMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 10, 2022[**]
San Francisco, California

Before: WALLACE, W. FLETCHER, and SANCHEZ, Circuit Judges.

John Drayton appeals from the district court's affirmance of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Commissioner of Social Security's denial of his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The Administrative Law Judge ("ALJ") did not err in evaluating the medical record, and substantial evidence supports the ALJ's residual functional capacity ("RFC") determination. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (affirming the RFC where the ALJ "applied the proper legal standard and his decision is supported by substantial evidence").

Substantial evidence supports the ALJ's determination, at step four, that Drayton could perform his past relevant work as actually performed. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (setting out the standard).

The ALJ provided specific, clear, and convincing reasons to discount Drayton's testimony, citing factors including lack of corroborating objective medical evidence, inconsistent claimant testimony, and inconsistent behavior. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (the ALJ considers a claimant's statements "in relation to the objective medical and other evidence"); *Carmickle*, 533 F.3d at 1161 (an ALJ may reject a claimant's testimony in favor of a doctor's

2

contradictory opinion); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ properly considered a lack of corroborating medical evidence as one factor in the credibility determination); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (ALJ properly discounted testimony based on claimant's testimony and physician's observations of inconsistent symptom behavior).

**AFFIRMED.**